DORA LAUFER, Respondent, *v.* MORRIS SHAPIRO,
Appellant.

MAX LAUFER, Respondent, *v.* MORRIS SHAPIRO,
Appellant.

*Negligence — buildings — duty of owner of building to one who came therein in answer to a cry of distress — action for injuries received from fall through open trap door.*

*Laufer* v. *Shapiro* (2 cases), 215 App. Div. 769, affirmed.

(Argued March 4, 1926; decided March 30, 1926.)

APPEAL in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 28, 1925, affirming a judgment in favor of plaintiff entered upon a verdict. The first action was to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The second, brought by the husband of the plaintiff in the first action, was to recover for expense caused and loss of her services by reason of the same accident. The defendant was the owner of a tenement house in which the janitress lived in the basement. The plaintiff Dora Laufer was a friend of the janitress and, on the day of the accident, met her while marketing and walked with her to the entrance of her house. After standing and talking with her for a short time, the plaintiff left the janitress and started to go to her own home. The janitress went down the stairway to the basement, opened the door, took a step or two, and fell through a trap door which had been opened by plumbers in her absence. When a short distance away plaintiff, Dora Laufer, heard a scream and recognized it as the voice of the janitress. She thereupon turned back to the house, ran down to the basement door, opened it and rushed inside, whereupon she fell into the same uncovered trap and received the injuries for which damages are sought in these actions. (See 210 App. Div. 436.)

*Walter L. Glenney* and *Bertrand L. Pettigrew* for appellant.

*Harry G. Anderson* and *Nathaniel Phillips* for respondents.

Judgment in each case affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN,
CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.

---

MORRIS RUN COAL COMPANY, INC., Appellant, *v.* CAR-
THAGE SULPHITE PULP AND PAPER COMPANY, INC., et
al., Respondents.

*Contract — sale — question of fact — action to recover for goods sold
and delivered — questions as to when there was a complete contract and
whether there was a breach of warranty for the jury.*

*Morris Run Coal Co., Inc.,* v. *Carthage Sulphite P. & P. Co., Inc.,*
210 App. Div. 678, affirmed.

(Argued March 4, 1926; decided March 30, 1926.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
November 19, 1924, reversing a judgment in favor of
plaintiff entered upon a verdict directed by the court
and granting a new trial. The action was to recover for
goods alleged to have been sold and delivered under two
separate contracts whereby plaintiff agreed to sell and
defendant Carthage Sulphite Pulp and Paper Company
agreed to buy ten carloads of anthracite screenings. The
Appellate Division reversed on the ground that questions
as to when there was a complete contract and as to
whether there was a breach of warranty as to quality
should have been submitted to the jury.

*William L. Bowman* for appellant.

*Fred L. Smith* for respondent.

Order affirmed and judgment absolute ordered against
appellant on the stipulation, with costs in all courts; no
opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN,
CRANE, ANDREWS and LEHMAN, JJ. Absent: CARDOZO, J.